**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 15-181-DLB**

**TONYA MICHELE HALL**                                                                    **PLAINTIFF**

**vs.**                                        **MEMORANDUM OPINION AND ORDER**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                              **DEFENDANT**

********************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 14, 2011, Plaintiff Tonya Michele Hall protectively filed her application for Disability Insurance Benefits, alleging disability as of March 14, 2011.  (Tr. 151-52).  Plaintiff's claim was denied initially and on reconsideration.  (Tr. 62-74 and 76-88).  On December 17, 2013, Administrative Law Judge Don Paris conducted an administrative hearing at Plaintiff's request.  (Tr. 26-61).  ALJ Paris ruled that Plaintiff was not entitled to benefits on January 31, 2014.  (Tr. 8-25).  This decision became the final decision of the Commissioner when the Appeals Council denied review on August 25, 2015.  (Tr. 1-6).

On October 20, 2015, Plaintiff filed the instant action.  (Doc. # 1)  This matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.  (Docs. # 16 and 17).

## II.  DISCUSSION

### A.    *Overview of the Process*

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *Id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d

469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff did not engage in substantial gainful activity from his alleged onset date through his date last insured (March 14, 2011 through December 31, 2015).  (Tr. 13).  At Step 2, the ALJ determined that Plaintiff had the following severe impairments through the date last insured: status post motor vehicle accident resulting in right fibular, tibia and acetabular fractures and left tibial, femur, first and fifth metatarsal fractures.  (*Id.*).

At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to, an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 15).  Specifically, the ALJ found that Plaintiff's impairments do not meet listing 1.02 (major dysfunction of a joint).  (*Id.*).  In reaching this conclusion, the ALJ noted that while Plaintiff has required several surgeries for her musculoskeletal injuries, treatment records indicated that she was "doing well, ambulating with and/or without an AFO brace."  (*Id.*).

At Step 4, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), with "standing/walking 2 hours in a workday but requiring a sit/stand option with no prolonged standing/walking in excess of ½ an hour without interruption; sit 6 hours in an 8-hour workday; no pushing and/or pulling with foot controls; occasionally climbing ramps/stairs; never climbing ladders/ropes; no more than frequent balancing, occasional stooping,

kneeling, crouching, or crawling; and avoidance of all exposure to full-body vibration and all hazards such as unprotected heights and dangerous machinery." (*Id.*). The ALJ further found that Plaintiff was unable to perform past relevant work as an administrative inventory clerk or work in data entry. (Tr. 18).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform. (Tr. 18-19). The ALJ based this conclusion on testimony from a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, work experience, and RFC. (*Id.*). The VE testified that a hypothetical individual with Plaintiff's vocational profile and RFC could find sedentary work as an order clerk (223,000 nationally/2,000 Kentucky), in bench assembly (352,000 nationally, 2,400 Kentucky), or inspecting (301,000 nationally/2,100 Kentucky). (Tr. 19). Based on the testimony of the VE and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff is capable of making a successful adjustment to other work and thus concluded that she was not under a "disability," as defined by the Social Security Act. (*Id.*).

## C.   *Plaintiff's Arguments*

Plaintiff advances three arguments on appeal. (Doc. # 16). First, Plaintiff argues that the ALJ erred by not evaluating and awarding a closed period of disability benefits. Second, Plaintiff complains that the ALJ erred by not evaluating and awarding benefits for meeting or exceeding listings 1.02, 1.03, and/or 1.06. Finally, Plaintiff claims that the ALJ erred in evaluating subjective complaints, pain, and credibility. Each of these arguments will be addressed in turn.

4

**1.    The ALJ did not err in declining to award a closed period of disability benefits.**

Disability benefits can be awarded for a closed period.  In *Myers v. Richardson*, 471 F.2d 1265 (6th Cir. 1972), the Sixth Circuit Court of Appeals held that while "[t]he [Social Security Act] itself does not provide for a closed period of benefits . . . we think it clear that such a closed period of benefits *may* be awarded."  *Id.* at 1267 (upholding an ALJ's decision to award closed-period benefits) (emphasis added).  A claimant who meets the twelve-month durational requirement of 42 U.S.C. § 423(d)(1)(A) may be entitled to benefits from the time her disability commences until such time as the disability ceases. *See Howse v. Heckler*, 782 F.2d 626 (6th Cir. 1986).

Plaintiff argues that a closed period of benefits was appropriate in her case:

> [Plaintiff] is, at minimum, entitled to aclosed end award of benefits until her recovery from her September 7, 2012 surgery and that date would be at her June 26, 2013 office visit.  However, you can see from the office visit note of October 30, 2013 that she had really been struggling with her right ankle for probably many months.  The severity of that condition is well documented. Therefore, a closed end period of disability benefits should be awarded through the date of the hearing with remand instructions to schedule another hearing for post December 17, 2013 treatment and issues.

(Doc. # 16 at 10).  Essentially, Plaintiff is asking this Court to re-weigh the facts of the record, which is beyond the scope of review.  The question before this Court is whether the ALJ's decision is supported by substantial evidence.

In this case, there is substantial evidence to support the ALJ's decision that a closed period of disability was not appropriate.  Although the ALJ did not specifically address whether Plaintiff was entitled to a closed period of disability, the ALJ did review Plaintiff's entire medical record, noting instances of both struggle and improvement throughout the

years-long period.  For example, the ALJ noted that "[b]y March 2012, the claimant was full weight bearing."  (Tr. 17).  After that, Plaintiff underwent another surgery, but "[b]y October 2012, the claimant was doing well an on no pain medication."  (*Id.*).  The ALJ continues to state that "the record contains restrictions for short-term periods which the undersigned gives little weight because they were for short-term periods.  E.g., Exhibit 5F.  However, the record contains no opinions specifying any restrictions the claimant has for long-term periods."  (Tr. 18).  The ALJ did not focus solely on Plaintiff's current state, but considered her entire medical history.  Therefore, the record provides substantial evidence to support his decision to decline an award of benefits, even for a temporary period.

### 2.    The ALJ did not err in declining to award benefits for meeting listings 1.02, 1.03, and/or 1.06.

At the third step in the disability determination process, the Commissioner considers the medical severity of the claimant's impairments.  20 C.F.R. §§ 404.1520(a)(4)(iii).  The Commissioner must determine whether the claimant's impairment meets or equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, which "describes for each of the major body systems impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience."  *Id*.; 20 C.F.R. § 404.1525(a).  If the claimant can satisfy all of the objective medical criteria as well as the duration requirement, then he or she "will be deemed conclusively disabled, and entitled to benefits."  *Reynolds v. Comm'r Social Sec.*, 424 F.App'x 411, 414 (6th Cir. 2011); *see also* 20 C.F.R. § 404.1509 (stating that the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months," unless it is expected to result in death).  Alternatively, the claimant will

6

be deemed disabled if he or she demonstrates that the impairment is "at least equal in severity and duration to the criteria of any listed impairment" and meets the duration requirement.  20 C.F.R. § 404.1525(c)(3).

At Step 3, the ALJ identified Listing 1.02 (major dysfunction of a joint) as a possible Listing of Impairments that Plaintiff might meet.  (Tr. 15).  Although Plaintiff's medical records indicated that she had required a host of surgeries for her musculoskeletal injuries, the treatment record indicated that she was able to ambulate with and/or without an AFO brace.  (*Id.*).  Thus, the ALJ concluded that the claimant did not meet Listing 1.02.  (*Id.*).

Plaintiff contends that the objective medical evidence established that she satisfies the first prong of Listing 1.02 (major dysfunction of joints), Listing 1.03 (reconstructive surgery of major weight bearing joints), and Listing 1.06 (fractures of the left femur and left tibia).  (Doc. # 16 at 10).  Plaintiff correctly notes that "[f]unctional loss for purposes of these listings is defined as the inability to ambulate effectively on a sustained basis."  (*Id.*).  She claims that the ALJ "summarily rejected this issue without a careful consideration of the evidence of record," and that "when the totality of the evidence is carefully considered it is abundantly established that [she] has an inability to ambulate effectively on a sustained basis."  (*Id*. at 11).  The record does not support this accusation.  The ALJ carefully reviewed Plaintiff's medical records, finding that "late 2012 and 2013 treatment records with Dr. Ryan Finnan indicate that the claimant was doing well, ambulating with and/or without an AFO brace."  (Tr. 15).

Moreover, Plaintiff misunderstands the nature and scope of the Court's review in asking for such relief.  The key inquiry is whether there is substantial evidence to support

7

the ALJ's decision.  And yet, Plaintiff focuses on evidence that supports her interpretation, rather than pointing to a *lack* of substantial evidence to support the ALJ's conclusion.  The Court cannot find any error in the ALJ's conclusion based upon this bare argument.  The ALJ identified the appropriate criteria to be met for a Listing, reviewed the medical evidence, and explained why the Listing criteria was not satisfied.  Thus, there is substantial evidence to support his findings.

### 3.   The ALJ did not err in assessing Plaintiff's subjective complaints, pain, and credibility.

Although relevant to the RFC assessment, a claimant's description of his or her symptoms is not enough, on its own, to establish the existence of physical or mental impairments or disability.  Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *2 (July 2, 1996). When evaluating a claimant's symptoms, the ALJ must determine whether there is an underlying medically determinable impairment that could be reasonably expected to produce the alleged symptoms.  *Id*.  Once that is established, the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individuals' ability to do basic work activities."  *Id*.

When the claimant's description of his or her symptoms is not supported by objective medical evidence, the ALJ must assess the credibility of the claimant's statements based on the entire case record, including medical and laboratory findings, claimant's statements, information provided by treating or examining physicians about how the symptoms affect the claimant, and any other relevant evidence.  *Id*.  The ALJ may also consider the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's symptoms; factors that precipitate and aggravate the symptoms; the type,

8

dosage, effectiveness and side effects off any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives for pain relief; any other measures used for pain management; and any other factors concerning the claimant's limitations due to symptoms. *Id.* at *3. Credibility determinations based solely on intangible or intuitive notions are impermissible. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

Plaintiff complains that in was an error "to base a decision on credibility in part upon [her] inability to stop smoking." (Doc. # 16 at 11). She also argues that her children "are of a sufficient age to perform activities on their own and to give less weight to the credible assertions of [Plaintiff] because she can take care of her children is not reason to discount the credibility of her pain complaint," and that "the ALJ did not adequately address all of the factors when assessing [her] credibility." (*Id.* at 12). Again, the record belies these assertions.

At Step 4, the ALJ found that the medically determinable impairments could be reasonably expected to produce the claimant's pain or other symptoms. (Tr. 16). However, he observed that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (*Id.*). To illustrate this point, the ALJ provided citations to Plaintiff's own testimony:

> The claimant's husband works as an over-the-road truck driver, and the claimant is able to care for her children, which can be quite demanding, without any particular assistance. She has indicated that she gets her children up for school, prepares food for them, washes laundry, helps them with their homework, and ensures that they care for their personal needs. The claimant uses a computer to email regarding her children's progress in school and pay bills. In addition, the claimant cares for pets, makes beds, wipes down counters, and vacuums. These activities of daily living support the conclusion that the claimant is capable of performing a range of

sedentary work and lead the undersigned to give less weight to her assertions regarding the severity of her condition.  Further, the undersigned gives less weight to the claimant's assertions because while her doctors have advised her to stop smoking, she testified at the hearing that she continues to smoke.

(*Id*. at 16-17 (citing Exhibit 4F; hearing testimony)).  The ALJ then proceeded to review the objective medical evidence, noting that "the record reveals that the claimant has made significant progress with her treatment," and that Plaintiff was "capable of performing a range of sedentary work."  (*Id*. at 17).  Plaintiff's attempt to now downplay her ability to perform daily activities is inconsistent with her own prior testimony.  The ALJ correctly weighed Plaintiff's own testimony about performing daily activities against her claims regarding the severity of her impairments.  The fact that the ALJ gave less weight to Plaintiff's credibility based on her failure to stop smoking is insignificant, as that was only a minor part of his overall analysis.

Based on its review of the record, the Court finds that the ALJ did not err in concluding that there were inconsistencies between the subjective severity of Plaintiff's symptoms and the objective medical evidence.  Thus, the ALJ was required to assess Plaintiff's credibility.  In making this assessment, the ALJ availed himself of the entire case record, as Social Security Ruling 96-7p instructs.  He not only provided examples of the inconsistencies between the objective medical evidence and Plaintiff's testimony, he also highlighted the inconsistencies in Plaintiff's own testimony.  Finally, the ALJ incorporated the limitations that he found to be justified in assigning a sedentary RFC.  Under these circumstances, the Court finds no error in this aspect of the ALJ's Step 4 analysis.

## III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)     The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2)     Plaintiff's Motion for Summary Judgment (Doc. # 16) is hereby **DENIED**;

(3)     Defendant's Motion for Summary Judgment (Doc. # 17) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 11th day of January, 2017.



Signed By:

_David L. Bunning_   *DB*

**United States District Judge**

K:\DATA\SocialSecurity\MOOs\Covington\2-15-181 Hall MOO.wpd

11